## JAMES McINTIRE *vs.* JOSEPH W. MAYNARD.

A mortgagee of real estate previously attached has no right to object to an order, passed under subsequent proceedings in insolvency, that the attachment should survive for the benefit of creditors.

*It seems,* that an order for the continuance of an attachment for the benefit of creditors may be passed without notice to any one but the assignee in insolvency.

PETITION to this court, representing that the petitioner on the 31st of May 1852 took a mortgage from Isaac E. Flanders, whom he then believed to be perfectly solvent, of certain real estate in Charlestown, to secure a note of Flanders for $1,000; that this real estate had been previously attached in a suit brought by John Kent against Flanders; that on the 24th of May 1853 Flanders became insolvent, and commenced proceedings in insolvency, under which Maynard was appointed his assignee; and the commissioner of insolvency, after the commencement of the proceedings, upon the motion of Maynard, and without notice to the petitioner, and without any hearing upon the merits of the motion, ordered that attachment to survive for the benefit of the creditors of Flanders; and that this court, at the term at which this petition was presented, had allowed, without notice to the petitioner, or any hearing upon the merits, a motion of Maynard for leave to prosecute said action, for the benefit of himself as assignee, and for the purpose of perfecting the attachment; but that the motion so allowed had not yet been acted upon, and no rights had vested under it, and that, unless the petitioner could now be heard, he would be unjustly deprived of his property without a hearing, and without any possibility of redress. The prayer of the petition was that the court would now hear that motion upon its merits, and decide whether it was just that Maynard should be allowed to prosecute said action for the purpose of depriving the petitioner of his property.

*J. G. Abbott,* for the petitioner.

*L. Marrett,* for the respondent.

DEWEY, J.  Without considering the question of the want of

formality in the mode in which the petitioner has brought the present question before us, and treating it as a direct application to this court to supersede the order of the commissioner in insolvency that the attachment in the case of John Kent against Isaac E. Flanders should survive, we have not been able to see any sufficient ground for sustaining the petition.

The merits of the case on the part of the petitioner are, that he was a *bona fide* money lender to the insolvent, taking therefor, as he supposed, good collateral security by a mortgage of certain real estate. It was subsequently discovered that this real estate was under a previous attachment in an action by John Kent, which is the suit now pending, and in reference to which this question is raised. So long as Flanders was not a subject of proceedings instituted under our insolvent laws, this suit of Kent would have proceeded to trial, and, if it could be maintained, to judgment for the plaintiff; and, to the extent of the demand, would have priority over McIntire's mortgage. Of the hardship of this, there would have been no cause of complaint, and no ground for asking this court to interfere in behalf of McIntire.

By the original insolvent law of 1838, *c.* 163, § 5, in case the party became a subject of proceedings in insolvency, the effect of a transfer of his property to the assignee was declared to be to dissolve any attachment upon such property. One leading object of this provision would seem to have been to give further effect to the great object of the insolvent law, the distribution of all the estate of the insolvent among his creditors *pro rata.* But it was found practically that such dissolution of an attachment might not effect that object, inasmuch as other liens might have attached to the property, subject only to the attachment, and, that being removed, the estate attached would, after all, be applied to the payment of individual creditors, instead of being secured to the general fund for distribution. To obviate this evil, the *St.* of 1841, *c.* 124, § 5, was enacted, providing that if it should appear to the master in chancery (now the commissioner) that such dissolution of an attachment would prevent the attached property from passing to the assignees, the attachment,

McIntire *v*. Maynard. ·

upon his order, should survive, and the assignee should have power, with the permission of the court to which the writ is returnable, to proceed with the suit against the insolvent.

The present case falls fully within this statute. The attached estate being under a subsequent mortgage, upon the dissolution of the attachment, the property would not pass into the hands of the assignees, but fall to the mortgagee.

The case was therefore one where the order of the commissioner was proper, and would seem to have been necessary. The petitioner will have in all respects the same rights that he would have enjoyed had there been no proceedings in insolvency against Flanders. But he has no substantial grounds for asking the benefits of one portion of the insolvent law, without taking it subject to all the limitations attached to it.

Having considered the case upon its merits, and found the petition not sustainable, it is hardly necessary to inquire further whether it was the duty of the commissioner to give notice to persons having such subsequent liens, before he ordered the attachment to be continued. We are not aware that any practice of this kind has existed, or is required. We had supposed that this matter of ordering an attachment to be continued was wholly a matter between the commissioner and the assignee —an order to be passed of course, unless, from the nature of the demand, its small amount, or the probable expenses of prosecuting the suit, it was deemed by the commissioner not for the interest of the creditors of the insolvent that the assignee should proceed with the suit. If, however, in any such order, the rights of those having subsequent liens have been wrongfully affected through an illegal order, they may apply to this court under § 18 of *St.* 1838, *c* 163. for relief          *Petition dismissed.*